**THE SHELL LAW FIRM, PLLC**
11 Broadway, Suite 615
New York, New York 10004
Telephone: (646) 616-3983
Facsimile: (212) 480-8560

Martin Shell, Esq.
Admitted in New York and New Jersey
mshell@shelllawfirm.com

September 2, 2025

*Plaintiffs are directed to pay $2,346.25 in reasonable attorney's fees and costs for the deposition (comprised of $1,540 for attorney time and $806.25 for the court reporter) by no later than September 8, 2025.  Proof of payment shall be filed on the docket.*

VIA ECF
Honorable Lewis J. Liman, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

September 4, 2025

Re:      FX Robott LLC, et al., v.  Noetiq Research Inc. et al.
Case No.:    1:25-cv-02264-LJL

Dear Judge Liman,

        We are counsel to the Plaintiffs in the above-referenced matter. We write regarding an invoice for Defendants' attorneys' fees associated with the supplemental deposition of Plaintiff Robert Del Grande. Plaintiffs respectfully submit that Defendants' invoice/request for fees is beyond reasonable and must be reduced.

        As the Court may recall, on June 28, 2025 the Court issued an Order with respect to Defendants Motion to Strike that provided in relevant part, "The expenses would be limited to the reasonable costs of the deposition and the reasonable attorney's fees incurred in taking the deposition and attending the hearing (including travel to and from the deposition and hearing) but not the attorney's fees incurred in preparation for the deposition or hearing. A true copy of the Order is attached.

        Mr. Del Grande's Supplemental Deposition was taken on August 20, 2025. At the commencement of the deposition, I observed that Mr. Dunnegan and Ms. Scileppi were both appearing for Defendants, and both expected reimbursement for their time. I immediately objected to paying multiple attorneys to conduct a fairly simple and straightforward deposition. Mr. Dunnegan advised that they would proceed regardless of my objection and that the issue could be raised with the Court thereafter. I then inquired as to the rates of counsel. Mr. Dunnegan indicated his rate was about $500.00, while neither Ms. Scileppi nor Mr. Dunnegan could recall Ms. Scileppi's rate. Mr. Dunnegan conducted the deposition from start to finish, which lasted about 2.20 hours.

        On August 25, 2025, Defendants' counsel submitted an invoice for both Mr. Dunnegan's and Ms. Scileppi's time associated with the deposition, with Mr. Dunnegan's fees equal to $1,100.00 at $500.00 per hour and Ms. Scileppi's fees equal to $880.00 at $400.00 per hour, for a combined total of $1,980.00. A true copy of the invoice is attached.

September 2, 2025

In furtherance of my objection, Plaintiffs respectfully request that the Court deny the request for multiple attorneys' fees. According to Mr. Dunnegan's biography he is a graduate of Columbia Law School and has been practicing law since 1981. Mr. Dunnegan has extensive experience litigating and is more then capable of conducting a deposition, without any assistance. The Court's Order provides for reasonable <u>attorney's fees</u>. Plaintiffs should not be penalized for having to pay for multiple counsel to participate in a deposition on a simple issue.

Respectfully submitted,

/s/ Martin Shell

Martin Shell